UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA

  *Plaintiff-Appellee*            C.A. No. 25-60141
v.                No. 2:22cr114-KHJ-MTP (S.D. Miss.)

JARVIN SUMMERALL

  *Defendant-Appellant*

---

**MOTION TO ENFORCE APPEAL WAIVER**

---

Pursuant to Federal Rule of Appellate Procedure 27, the United States of America, the appellee, moves to enforce the appeal waiver agreed to by appellant Jarvin Summerall as part of his guilty plea. In support of its motion, the government states:

**BACKGROUND**

In 2023, appellant Summerall pled guilty to two counts of a six-count superseding indictment. ROA.57-61 (indictment); ROA.10 (docket entry dated 5/31/2023). In relevant part, the indictment charged Summerall with conspiring to possess methamphetamine with intent to distribute it, in violation of 21 U.S.C. § 846 (*Count 3* and *Count 5*). ROA.58-59 (indictment).

1

In reviewing the statutory penalties, the district court explained that, for Count 3, Summerall was subject to 10 years to life in prison, a term of supervised release of not less than five years, and a fine of up to $10,000,000. ROA.438-39. *See* ROA.319 (plea agreement ¶ 2). The court also explained that, for Count 5, Summerall was subject to a 5-to-40-year prison sentence, a term of supervised release of not less than four years, and a fine of up to $5,000,000. ROA.439. *See* ROA.319 (plea agreement ¶ 2).

Subsequently, the district court sentenced Summerall to 400 months in prison for each count (to be served concurrently), followed by five years of supervised release on each count (to run concurrently). ROA.109-10 (judgment), ROA.241-43. The court ordered Summerall to pay a fine of $10,000 and a $200 special assessment. ROA.113 (judgment); ROA.242; ROA.246.

In the written plea agreement, entered into with the advice of counsel, Summerall specifically waived his right to appeal his conviction and sentence on any basis. ROA.131-33 (plea agreement ¶ 8). As the plea agreement explicitly provides:

> Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of Defendant's rights . . . [including his right] to appeal the

> conviction and sentence . . . hereby *expressly waives* . . . the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on *any* ground whatsoever . . . .

ROA.323 (plea agreement ¶ 8.a) (emphases added). The only reservation of a right to appeal is to permit Summerall to raise an ineffective-assistance-of-counsel claim, which Summerall's counsel has advised is not the basis of this appeal. ROA.323-24 (plea agreement ¶ 8). At the time Summerall executed the plea agreement, he was represented by competent defense counsel who also signed the plea agreement, along with Summerall. ROA.325.

During the guilty plea hearing, the district court determined that Summerall had reviewed the plea agreement and discussed it with his counsel. ROA.431. Summerall agreed that he had reviewed the plea agreement carefully with his attorney such that he understood its terms. ROA.431; ROA.434-36; *see* ROA.325 (plea agreement).

At the court's direction, the prosecution summarized the material waivers in the plea agreement, explaining that the waivers include Summerall's waiver of the "right to appeal the conviction and sentence" and "the right to contest the

conviction and sentence" in any postconviction proceeding. ROA.432-34. Summerall acknowledged that he understood the waivers. *See* ROA.434. Summerall again agreed he was knowingly and voluntarily agreeing to the waivers in the plea agreement. *See* ROA.434-36.

At the conclusion of the plea hearing, the court found that Summerall's guilty plea was knowing and voluntary. ROA.452. Therefore, the court accepted Summerall's guilty plea. ROA.452.

Despite having validly waived appeal, Summerall now has appealed to this Court. ROA.185.

## ARGUMENT

**The Plea Agreement's Appeal-Waiver Provision Is Fully Enforceable**

This Court has reiterated that "[t]he right to appeal is statutory, not constitutional," and "[t]he right can be waived." *United States v. Meredith*, 52 F.4th 984, 986 (5th Cir. 2022) (citing *Abney v. United States*, 431 U.S. 651, 656 (1977); *Garza v. Idaho*, 139 S.Ct. 738, 742 (2019)). In pleading guilty, Summerall agreed to waive appeal entirely (except as to ineffective assistance of counsel, which is not at issue).

4

As this Court has explained: "As a general rule, a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings against the defendant." *United States v. Hoctel*, 154 F.3d 506, 507 (5th Cir. 1998). In addition to the general waiver resulting from a defendant's unconditional guilty plea, a defendant may explicitly agree to surrender his right of appeal as part of a plea agreement with the government. *Id*. at 508.

This Court has "routinely enforced voluntary and informed appeal waivers contained in plea agreements." *United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013). As this Court has explained: "A defendant may waive his statutory right to appeal provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Rodriguez-Estrada*, 741 F.3d 648, 650 (5th Cir. 2014). *Accord United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. McKinney*, 406 F.3d 744, 746-47 (5th Cir. 2005).

**A. Summerall's Appeal Waiver Was Knowing and Voluntary**

To be valid, a defendant's waiver of his right to appeal must be informed and voluntary; that is, the defendant must know he had a "right to appeal his sentence and that he was giving up that right." *United States v. Portillo*, 18 F.3d

290, 292 (5th Cir. 1994). *Accord United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014).

The waiver-of-appeal provision is clearly set forth in the plea agreement that Summerall and his counsel executed. ROA.323 (plea agreement ¶ 8.a). Summerall told the court under oath that he understood the plea agreement that he signed. ROA.431; ROA.434-36. Summerall also stated during the guilty-plea hearing that he had reviewed the plea agreement with his attorney and that he understood the waiver of appellate rights contained in that plea agreement. ROA.431; ROA.434-36; ROA.82-83. Summerall assured the court his plea was knowing and voluntary. ROA.436.

The plea agreement explicitly called for Summerall to waive appeal entirely, and Summerall repeatedly stated he understand the terms of his plea. Summerall "can point to no evidence in the record that [his] explicit waiver, included in the written plea agreement and signed by [Summerall] and [his] counsel, was not informed and voluntary." *Hoctel*, 154 F.3d at 508. Summerall and his counsel assured the court he understood the plea agreement, and at the Court's direction, the government adequately explained to Summerall that he was waiving the right to appeal his conviction and sentence. ROA.432-34.

6

By addressing the defendant personally and confirming that he understood the plea agreement, including the appeal-waiver provision, the court satisfied its obligation to give "special attention" to the waiver of appeal. *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992). *See also* Fed. R. Crim. P. 11(b)(1)(N) (requiring court to address defendant personally as to "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence"). Accordingly, the waiver of appeal in this case is fully enforceable. *See United States v. Cuevas-Andrade*, 232 F.3d 440, 446 (5th Cir. 2000) (appellate court must enforce appeal waiver provision absent indication it was involuntary); *United States v. Dees*, 125 F.3d 261, 269 (5th Cir. 1997) ("So long as a plea is informed and voluntary, we will enforce a waiver of appeal.").

As in *Bond*, Summerall has no basis to "allege, and there is no indication in the record, that his ratification of the plea agreement was anything but voluntary." 414 F.3d at 544. Summerall cannot challenge that he signed the plea agreement containing the appeal-waiver provision. There is nothing to support that he was not represented by competent counsel. In the face of his sworn statements to the court, he cannot contend that he was coerced into entering into the plea agreement or that his appeal waiver was the product of duress.

Summerall assured the court he understood the plea agreement, including the provision that he waived appeal "on *any* ground whatsoever." ROA.323 (plea agreement ¶ 8.a) (emphasis added). "Because [Summerall] indicated he understood the agreement, which includes an explicit, unambiguous waiver of appeal, the appeal was both knowing and voluntary." *Bond*, 414 F.3d at 544. Given that Summerall knowingly and voluntarily waived his right to appeal, his waiver of appeal is valid.

> B. **The Waiver Applies to Summerall's Sentencing Appeal and Should Be Enforced**

Summerall's appellate counsel has advised that the only issue on appeal is a challenge to the reasonableness of Summerall's sentence. An appeal addressing the sentence's reasonableness is squarely barred by the plea agreement, which called for such issue to be resolved by the sentencing judge.

At the time of his guilty plea, Summerall confirmed his understanding that the Sentencing Guidelines are advisory and that the district court has the authority to sentence him to any sentence provided by law. ROA.441. *See* ROA.320 (plea agreement ¶ 3) ("Defendant specifically acknowledges that Defendant is not relying upon anyone's calculation of a particular Guideline range for the offense to which Defendant is entering this plea, and recognizes

8

that the Court will make the final determination of the sentence and that Defendant may be sentenced up to the maximum penalties set forth above.").

Summerall also acknowledged that the sentencing judge would resolve all factual issues under a preponderance of the evidence standard. ROA.324 (plea agreement ¶ 8.3); ROA.433-34. Summerall expressly agreed to waive his right to contest his appeal and sentence both in writing and under oath. ROA.323-24 (plea agreement ¶ 8); ROA.433-34.

Having fulfilled its plea obligations, the government is entitled to enforcement of the appeal waiver provision in its plea agreement with Summerall. As this Court has said, "defendant's waiver of appeal may entitle the government to dismissal on contractual grounds."[1] *United States v. Story*, 439 F.3d 226, 230 n.5 (5th Cir. 2006). *See Meredith*, 52 F.4th at 988 (dismissing appeal based on appeal waiver); *Bond*, 414 F.3d at 546 (same); *United States v. Burns*, 433 F.3d 442, 451 (5th Cir. 2005) (same); *United States v. Harris*, 434 F.3d 767, 774 (5th Cir. 2005) (same).

---

[1] In moving to dismiss of the appeal, the government does not challenge the Court's jurisdiction to hear the appeal. *See Story*, 439 F.3d at 230-31 (discussing court's jurisdiction to entertain appeal despite enforceable plea agreement). Rather, the government moves to dismiss as a means of enforcing its plea agreement calling for Summerall to refrain from appealing. *Id*. at 230 n.5.

9

In the alternative, the government moves for summary affirmance based on its entitlement to enforce the provision in its plea agreement by which Summerall agreed to waive appeal. *See, e.g.*, *Portillo*, 18 F.3d at 292-93 (affirming based on appeal waiver); *United States v. Medellin*, 547 Fed.Appx. 533, 534 (5th Cir. 2013) (unpublished per curiam) (enforcing appeal waiver by granting motion for summary affirmance); *United States v. Estrada-Villegas*, 540 Fed.Appx. 425 (5th Cir. 2013) (unpublished per curiam) (same); *United States v. Brown*, 328 F.3d 787, 791 (5th Cir. 2003) (affirming based on appeal waiver); *Cuevas-Andrade*, 232 F.3d at 446 (same).

For the government to receive the benefit of its bargain under the plea agreement by which Summerall agreed to forego his right of appeal, this Court should dismiss his appeal or summarily affirm his conviction and sentence.

**CERTIFICATE OF CONFERENCE**

Appellant, through counsel, confirmed that this motion is opposed.

## CONCLUSION

For the foregoing reasons, Summerall's appeal should be dismissed, or, in the alternative, his conviction and sentence be summarily affirmed based on his waiver of appeal.

                                        Respectfully submitted,

                                        PATRICK A. LEMON
                                        *Acting United States Attorney*
                                        *Southern District of Mississippi*

By:     /s/ *Jennifer Case*
                                        JENNIFER CASE
                                        *Assistant United States Attorney*
                                        Mississippi Bar Number 104238
                                        501 East Court Street, Suite 4.430
                                        Jackson, Mississippi 39201

Dated: October 6, 2025              (601) 965-4480

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limitation of FED. R. APP. P. 27(d) because this document contains 1,911 words.

2. As provided by FED. R. APP. 27(d)(1)(E), this document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. 32(a)(6) because the document has been prepared using Palatino Linotype font produced by Microsoft Word software.

By:     /s/ *Jennifer Case*
JENNIFER CASE
*Assistant United States Attorney*

Dated: October 6, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing system (ECF), which caused the filing to be served on counsel of record.

By:     /s/ *Jennifer Case*
JENNIFER CASE
*Assistant United States Attorney*

Dated: October 6, 2025